THOMAS F. BERTRAND, State Bar No. 056560
RICHARD W. OSMAN, State Bar No.  167993
BERTRAND, FOX, & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California   94109
Telephone:     (415) 353-0999
Facsimile:     (415) 353-0990

Attorneys for Defendants TOBIAS MILLER, SEAN KERR,
PATRICK TORRES, ERNST SCHWARZ and MARK REISCHEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SUDAR, <br><br>         Plaintiff, <br><br>     vs. <br><br> TOBIAS MILLER, SEAN KERR, PATRICK TORRES, ERNST SCHWARZ, MARK REISCHEL, EDWARD BERBERIAN, THOMAS BROWN, YVETTE MARTINEZ, LINDA M. WITONG, RANDOLPH HEUBACH, JOHN SUTRO, VERNA ADAMS, COUNTY OF MARIN and DOES 1 through 100, <br><br>         Defendants. | Case No.:  CV-07-06018 WHA <br><br> Hearing Date:   February 14, 2008 <br> Time:  8:00 a.m. <br> Courtroom:  9 <br><br> Honorable William H. Alsup |

**DEFENDANTS TOBIAS MILLER, SEAN KERR, PATRICK TORRES, ERNST SCHWARZ AND MARK REISCHEL's NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP RULE 12(b)(6), AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# TABLE OF CONTENTS

I.    INTRODUCTION.................................................................................................2

II.   STATEMENT OF FACTS....................................................................................3

III.  ARGUMENT.......................................................................................................3

     A.   Plaintiff's First, Second, Third And Fourth Causes Of Action Are Subject To Dismissal Under Federal Rules Of Civil Procedure, Rule 12(b)(6), Because Plaintiff's Complaint Fails To State Sufficient Facts Upon Which Relief Can Be Granted.............................................................................................3

     B.   Plaintiff's Complaint Contains No Allegations At All Regarding Any Conduct By Defendants KERR, TORRES, SCHWARZ And REISCHEL.........................4

     C.   Plaintiff's First Cause Of Action For Violation Of Civil Rights Under 42 U.S.C. Section 1981 Fails To State Facts Sufficient To State A Claim For Relief Because The Complaint Contains No Allegations Of Any Intentional Racial Discrimination Against Plaintiff...................................................................4

     D.   Plaintiff's Second Cause Of Action For Violation Of Civil Rights Under 42 U.S.C. Section 1983 Is Subject To Dismissal Because The Complaint Fails To State A Claim Under Section 1983.................................................................5

     E.   Plaintiff's Third Cause Of Action For Violation Of 42 U.S.C. Section 1985(3) Fails To State A Claim Upon Which Relief Can Be Granted Because The Complaint Contains No Allegations Of Racial Or Otherwise Class-Based Invidious Discriminatory Animus...................................................................8

     F.   Plaintiff's Fourth Cause Of Action For Violation Of 42 U.S.C. Section 1988 Fails To State A Claim For Relief Because Section 1988 Does Not Provide A Basis For Liability..............................................................................10

V.    CONCLUSION..................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Albrecht v. Lund*
   845 F.2d 193 (9th Cir. 1988) .................................................................. 4

*Balistreri v. Pacifica Police Dept.*
   901 F.2d 696 (9th Cir. 1990). ................................................................ 3

*Bray v. Alexandria Women's Health Clinic*
   506 U.S. 263 (1993) ............................................................................ 8

*Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*
   532 U.S. 598 (2001) .......................................................................... 10

*Butler v. Elle*
   281 F.3d 1014 (9th Cir. 2002) ....................................................... 9, 10

*Conley v. Gibson*
   355 U.S. 41(1957).............................................................................. 3

*De La Cruz v. Tormey*
   582 F.2d 45 (9th Cir. 1978) .............................................................. 3

*General Building Contractors Association, Inc. v. Pennsylvania*
   458 U.S. 375 (1982)........................................................................... 4

*Gillespie v. Civiletti*
   629 F.2d 637 (9th Cir. 1980) ............................................................ 9

*Graham v. Connor*
   490 U.S. 386 (1989).......................................................................... 5, 6

*Holgate v. Baldwin*
   425 F.3d 671 (9th Cir. 2005) ............................................................ 9

*Kay v. Ehrler*
   499 U.S. 432 (1991) ........................................................................ 11

*Newman v. County of Orange*
   457 F.3d 991 (9th Cir. 2004) ............................................................ 7

*Saucier v. Katz*
   533 U.S. 194 (2001).......................................................................... 5, 6

*Scott v. Henrich*
   29 F.3d 912 (1995)............................................................................. 5

*SEC v. Seaboard Corp.*
   677 F.2d 1315 (9th Cir. 1982) .......................................................... 3

*Smiddy v. Varney*
   665 F.2d 261 (9th Cir. 1981) ............................................................ 7

*Sole v. Wyner*
   127 S.Ct. 2188 (2007)...................................................................... 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Weisbuch v. County of Los Angeles*
   119 F.3d 778 (9th Cir. 1997) .................................................................................. 3

*Western Mining Council v. Watt*
   643 F.2d 618 (9th Cir. 1981) .................................................................................. 3

**Statutes**

42 U.S.C. Section 1981 ............................................................................................ 1, 2, 4, 5

42 U.S.C. Section 1983 .............................................................................................. passim

42 U.S.C. Section 1985 ............................................................................................... 2, 10

42 U.S.C. Section 1985(3) ........................................................................................ 1, 8, 9, 10

42 U.S.C. Section 1988 ............................................................................................ 1, 2, 11

Federal Rules of Civil Procedure Rule 12(b)(6) ....................................................... 1, 2

**TO PLAINTIFF ROBERT SUDAR IN PROPRIA PERSONA:**

PLEASE TAKE NOTICE that on **February 14, 2008** at **8:00 a.m.** or as soon thereafter as the matter may be heard in **Courtroom 9, 19th Floor,** of the above-entitled Court, located at 450 Golden Gate, San Francisco, California, defendants, Twin Cities police officers TOBIAS MILLER, SEAN KERR, PATRICK TORRES , ERNST SCHWARZ and MARK REISCHEL, will and hereby do move this Court for an order granting dismissal of the claims specified below, which are contained in plaintiff's complaint, for failure to state any claim upon which relief can be granted.

This motion is brought pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), as set forth more fully in the accompanying Memorandum of Points and Authorities, on the grounds that dismissal is appropriate because plaintiff's complaint fails to allege facts sufficient to state a claim upon which relief can be granted against defendants for the following reasons:

(1)  Plaintiff's complaint contains no facts at all regarding defendants KERR, TORRES, SCHWARZ and REISCHEL;

(2)  Plaintiff's first cause of action for violation of 42 U.S.C. Section 1981 is subject to dismissal because the complaint fails to state facts upon which relief can be granted under Section 1981;

(3)  Plaintiff's second cause of action for violation of 42 U.S.C. Section 1983 is subject to dismissal because the complaint fails to state facts upon which relief can be granted under Section 1983;

(4)  Plaintiff's third cause of action for violation of 42 U.S.C. Section 1985(3) is subject to dismissal because the complaint fails to state facts upon which relief can be granted under Section 1985; and

(5)  Plaintiff's fourth cause of action for relief under 42 U.S.C. Section 1988 is subject to dismissal because Section 1988 does not provide a separate basis for relief.

This motion is based on this notice, the memorandum of points and authorities, the papers and pleadings on file herein, and on such oral and documentary evidence as may be adduced at the hearing of this matter.

## I.    INTRODUCTION

Plaintiff ROBERT SUDAR (hereinafter "SUDAR") brings this action for violation of civil rights under 42 U.S.C. Sections 1981, 1983, 1985 and 1988 against Twin Cities police officers TOBIAS MILLER, SEAN KERR, PATRICK TORRES, ERNST SCHWARZ and MARK REISCHEL, arising out of his arrest on November 26, 2005 for burglary, computer crimes, receiving or concealing stolen property and possession of false government identification.    Plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief can be granted against defendants, and the complaint is subject to dismissal under Federal Rules of Civil Procedure (F.R.C.P.), Rule 12(b)(6), for the above-listed reasons. Defendants' motion to dismiss, therefore, should be granted, and should be granted without leave to amend.  Argument and authorities on these points follow.

## II.    STATEMENT OF FACTS

On November 26, 2005, Officer MILLER arrested plaintiff, without a warrant, for burglary, computer crimes, receiving or concealing stolen property and possession of false government identification.  Officer MILLER believed probable cause existed for the arrest based upon the burglary victim's reports that plaintiff was seen on hidden video in her house.  The victim reported that she had the hidden camera installed because of several incidents of computer tampering.  The victim was familiar with plaintiff and positively identified him from the video, in which he was seen inside her residence, underneath the victim's computer.  She reported that after plaintiff left, the computer had again been tampered with and crucial files were deleted. (See Exhibit A attached to plaintiff's complaint.)  Plaintiff was booked into the Marin County Jail on November 27, 2005.  (See plaintiff's complaint, ¶ 19.)  He was arraigned on November 28, 2005, and he alleges no probable cause hearing was held at that time.  (See plaintiff's complaint, ¶ 21.)

Plaintiff contends that he was "unjustifiably terrorized, falsely arrested, and falsely imprisoned by the combined and concerted activity of the police officer defendants . . . without a warrant."  (See plaintiff's complaint, ¶ 18.)  Plaintiff further alleges that Officer MILLER "did file false and fictitious statements based on double and triple hearsay, and did falsely imprison

the Plaintiff, depriving him of his liberty." (See plaintiff's complaint, ¶ 31.) He contends that "Due to the unlawful acts of the Defendants, the Plaintiff suffered a series of assaults and batteries upon his person, including arrest, handcuffing, imprisonment, forced physical search, forced fingerprinting and booking procedures, and harassment." (See plaintiff's complaint, ¶ 36.)

### III.    ARGUMENT

**A.    Plaintiff's First, Second, Third And Fourth Causes Of Action Are Subject To Dismissal Under Federal Rules Of Civil Procedure, Rule 12(b)(6), Because Plaintiff's Complaint Fails To State Sufficient Facts Upon Which Relief Can Be Granted**

Motions to dismiss are proper where, as here, plaintiff includes allegations that disclose an absolute defense or bar to recovery. "If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts." (*Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783, fn. 1 (9th Cir. 1997).)

Dismissal of claims is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." (*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).) In determining the adequacy of the pleading, the Court must determine whether plaintiff would be entitled to some form of relief if the facts alleged in the complaint were true. (*Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir. 1978).) However, the Court need not accept as true, conclusionary allegations, unreasonable inferences, legal characterizations or unwarranted deductions of fact contained in plaintiff's complaint. (*SEC v. Seaboard Corp.*, 677 F.2d 1315, 1316 (9th Cir. 1982); *Western Mining Council v. Watt,* 643 F.2d 618, 630 (9th Cir. 1981).)

Further, "if a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied, even if prior to a responsive pleading, if amendment of the complaint would be futile. [Citation.] If the district court determines that the 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' then the dismissal without leave to amend is proper." (*Albrecht v. Lund,* 845 F.2d 193, 195 (9th Cir.

1    1988).)

2          As discussed below, plaintiff's complaint fails to state facts sufficient to state claims

3    upon which relief can be granted against defendants.  Defendants' motion to dismiss, therefore,

4    should be granted, and should be granted without leave to amend for the reasons set forth below.

5    **B.      Plaintiff's Complaint Contains No Allegations At All Regarding Any Conduct By Defendants KERR, TORRES, SCHWARZ And REISCHEL**

6

7          Plaintiff's complaint contains allegations regarding conduct by defendant MILLER only.

8    The complaint contains no allegations that defendants KERR, TORRES, SCHWARZ and

9    REISCHEL participated in his arrest, or any allegations at all regarding conduct by these

10   defendants.  Plaintiff's complaint, therefore, fails to state facts sufficient to state a cause of action

11   against any of these defendants.

12   **C.      Plaintiff's First Cause Of Action For Violation Of Civil Rights Under 42 U.S.C. Section 1981 Fails To State Facts Sufficient To State A Claim For Relief Because The Complaint Contains No Allegations Of Any Intentional Racial Discrimination Against Plaintiff**

13

14

15         Claims under Title 42 U.S.C. Section 1981 cannot succeed without proof of purposeful

16   racial discrimination.  Section 1981 provides in relevant part that "All persons within the

17   jurisdiction of the United States shall have the same right in every State and Territory . . . to the

18   full and equal benefit of all laws and proceedings for the security of persons and property as is

19   enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes,

20   licenses, and exactions of every kind, and to no other."  "The operative language of both laws

21   [Sections 1981 and 1982] apparently originated in § 1 of the Civil Rights Act of 1866 . . . The

22   legislative history of the 1866 Act clearly indicates that Congress intended to protect a limited

23   category of rights, specifically defined in terms of racial equality."  (*General Building*

24   *Contractors Association, Inc. v. Pennsylvania*, 458 U.S. 375, 388-389 (1982).)  Proof of the

25   impairment of an enumerated right is not, in itself, sufficient to maintain a Section 1981 claim.

26   "[Section] 1981, like the Equal Protection Clause, can be violated only by purposeful

27   discrimination."  (*Id*. at 390.)

28         Plaintiff's complaint in the instant case contains no allegations regarding his race and no

1    allegations at all of intentional racial discrimination.   Plaintiff's allegations are plainly

2    insufficient to state a claim for relief under Section 1981.  Plaintiff's complaint gives no

3    indication at all of such facts or that this cause of action can be cured by amendment.

4    Defendant's motion to dismiss in this regard should be granted without leave to amend.

5            D.        **Plaintiff's Second Cause Of Action For Violation Of Civil Rights Under 42**

6                     **U.S.C. Section 1983 Is Subject To Dismissal Because The Complaint Fails To**
                 **State A Claim Under Section 1983**

7

8          In  addressing  an  excessive  force  claim  brought  under  § 1983,  analysis  begins  by

9    identifying the specific constitutional right allegedly infringed by the challenged application of

10   force."  (*Graham v. Connor*, 490 U.S. 386, 394 (1989).)  "Where, as here, the excessive force

11   claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly

12   characterized  as  one  invoking  the  protections  of  the  Fourth  Amendment,  which  guarantees

13   citizens the right 'to be secure in their persons against unreasonable seizures' of the person."

14   (*Id*.)  "All claims that law enforcement officers have used excessive force – deadly or not – in the

15   course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed

16   under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive

17   due process' approach."  (*Id.* at 395; *Scott v. Henrich*, 29 F.3d 912, 914, cert denied, (1995) 115
S.Ct. 2612; *Saucier v. Katz,* 533 U.S. 194, 210 (2001).)

18         "All claims that law enforcement officers have used excessive force in the course of an

19   arrest,  Graham  made  explicit,  are  to  be  judged  'under  the  Fourth  amendment  and  its

20   'reasonableness' standard, rather than under a 'substantive due process' approach.'  (*Graham*,

21   490 U.S. at 395.)   Underlying intent or motive are not relevant to the inquiry; rather, 'the

22   question is whether the officers' actions are 'objectively reasonable' in light of the facts and

23   circumstances confronting them.'   *Id.* at 397.  The proper perspective in judging an excessive

24   force claim, Graham explained, is that of 'a reasonable officer on the scene' and 'at the moment'

25   force was employed.  (*Id.* at 396.)  'Not every push or shove,' the Court cautioned, 'even if it

26   may  later  seem  unnecessary  in  the  peace  of  a  judge's  chambers,  violates  the  Fourth

27   Amendment.' . . . 'The calculus of reasonableness' must allow for the reality that 'police officers

28   are often forced to make split-second judgments' about the force a particular situation warrants

1    'in circumstances that are tense, uncertain, and rapidly evolving.' *Id*. at 396-397." (*Saucier*, 533

2    U.S. 194 at 210-211.)

3        Plaintiff's complaint in the instant case fails to state facts sufficient to state a claim for

4    relief under Section 1983 for several reasons.  First, plaintiff alleges that defendants deprived

5    him of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments.  (See

6    plaintiff's complaint, ¶ 38.)  The allegations of plaintiff's complaint, however, make clear that

7    his claims against the defendant police officers arise out of his arrest on November 26, 2005, and

8    he claims the officers used excessive force in arresting him.  (See plaintiff's complaint, ¶¶ 18, 32

9    and 36.)  Given that plaintiff's excessive force claims against defendants arise in the context of

10   his arrest, under *Graham* and *Saucier*, plaintiff's Section 1983 claim "is most properly

11   characterized as one invoking the protections of the Fourth Amendment" and must be analyzed

12   exclusively under the Fourth Amendment and its reasonableness standard as mandated by the

13   Supreme Court.  (*Graham*, 490 U.S. at 395.)  Plaintiff's complaint thus fails to state facts

14   sufficient to state claims for violation of the Fifth and Fourteenth Amendments.

15       Second, plaintiff's complaint fails to state facts sufficient to state a claim for violation of

16   his Fourth Amendment rights under Section 1983.  The complaint contains no factual allegations

17   regarding Officer MILLER or any of the other defendant police officers' conduct to support his

18   false arrest or excessive force claims.  Plaintiff only makes the conclusory assertions that he was

19   "unjustifiably terrorized, falsely arrested and falsely imprisoned," that Officer MILLER filed

20   "false and fictitious statements based on double and triple hearsay" and that plaintiff suffered

21   "assaults and batteries upon his person".  (See plaintiff's complaint, ¶¶ 18, 31, 35.)  The

22   complaint does not contain factual allegations that Officer MILLER or any of the other

23   defendant police officers engaged in any unreasonable conduct.  Plaintiff's complaint thus fails

24   to state facts sufficient to constitute a cause of action for violation of his Fourth Amendment

25   rights under Section 1983.

26       Third, to the extent plaintiff attempts to assert a Section 1983 claim against the defendant

27   police officers arising out of his subsequent incarceration and prosecution, the complaint is

28   subject to dismissal because the complaint plainly reveals plaintiff was incarcerated in the Marin

County jail, not a Twin Cities facility, and the complaint contains no facts to overcome the presumption of independent judgment by the prosecutor. The courts "have long recognized that 'filing a criminal complaint immunizes investigating officers . . . from damages suffered thereafter because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time.' *Smiddy v. Varney,* 665 F.2d 261, 266 (9th Cir. 1981) (*Smiddy* I). "The plaintiff bears the burden of producing evidence to rebut such presumption." (*Newman v. County of Orange,* 457 F.3d 991, 993 (9th Cir. 2004).) "In California, 'Once the district attorney has filed a complaint, it is his responsibility to gather and present such evidence as will convict the guilty or exonerate the innocent. . . . There is a presumption of independence on the part of the district attorney where plaintiff has not presented evidence to challenge that presumption." (*Smiddy* I, 665 F.2d at 267.)

"The question . . . is not whether the prosecutor, in the face of conflicting accounts, would have filed charges based on the plaintiff's story, but whether she would have done so based on the officer's. Prosecutors generally rely on police reports – not suspect's stories – when deciding whether charges should be filed. We presume they rely on their independent judgment when deciding whether such reports warrant the filing of criminal charges, unless contrary evidence is presented. If charges are filed, *Smiddy* protects the officers unless such evidence shows the officers interfered with the prosecutor's judgment in some way, by omitting relevant information, by including false information, or by pressuring the prosecutor to file charges. A suspect's account of an incident, by itself, is unlikely to influence the prosecutor's decision, and thus, it cannot, by itself, serve as evidence that officers interfered with the prosecutor's decision." (*Id*. at 995.) Indeed, in almost every case a plaintiff's version of events would conflict with the officer's account, and in virtually every case "the presumption would be rebutted, and it would never limit the liability of the officer, contrary to its stated purpose." (*Id*.) Consequently, to rebut the presumption of independent judgment, a plaintiff must provide more than an account of the incident in question that conflicts with the account of the officers involved. (*Id*.)

Plaintiff's complaint in the instant case contains no facts at all that the defendant police

officers interfered with the prosecutor's decisions regarding plaintiff's prosecution, and there are no facts to overcome the presumption of independent judgment. Given that there are no allegations that any police officers were involved in plaintiff's incarceration or prosecution after his arrest, the complaint fails to state facts sufficient to state a claim for relief under Section 1983 against the defendant officers arising out of plaintiff's incarceration and prosecution.

Plaintiff's second cause of action for violation of Section 1983 fails to state facts sufficient to state any claim for relief against defendants. Defendants' motion to dismiss in this regard should be granted.

### E.    Plaintiff's Third Cause Of Action For Violation Of 42 U.S.C. Section 1985(3) Fails To State A Claim Upon Which Relief Can Be Granted Because The Complaint Contains No Allegations Of Racial Or Otherwise Class-Based Invidious Discriminatory Animus

42 U.S.C. Section 1985(3), conspiracy to interfere with civil rights, provides in relevant part that:

> (d)    Depriving persons of rights or privileges. If two or more persons in any State or Territory conspire . . . for the purpose of depriving . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen . . . the party so injured may have an action for the recovery of damages . . . against any one or more of the conspirators.

"[T]he language of § 1985(3) requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class based, invidiously discriminatory animus behind the conspirators' action." [Original italics.] (*Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269 (1993).) "Whatever may be the precise meaning of a 'class' for purposes of . . . speculative extension of § 1985(3) beyond race, the term unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors. Otherwise . . . This definitional ploy would convert the statute into the 'general federal tort law' it was the very purpose of the animus requirement to avoid. . . [T]he class 'cannot be defined simply as the group of victims of

1  the tortious action." (*Id.*)

2      "The original purpose of § 1985(3), which was passed as the Ku Klux Klan Act of 1871,

3  was to enforce the rights of African Americans and their supporters. . . . [The Court has]

4  extended § 1985(3) to protect non-racial groups only if 'the courts have designated the class in

5  question a suspect or quasi-suspect classification requiring more exacting scrutiny or . . .

6  Congress has indicated through legislation that the class requires special protection." [Emphasis

7  added.] (*Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).)  "In other words, § 1985(3)

8  should not be extended to every class which the artful pleader can contrive." (*Butler v. Elle*, 281

9  F.3d 1014, 1028 (9th Cir. 2002).)

10      "To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2)

11  to deprive any person or a class of persons of the equal protection of the laws, or of equal

12  privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of

13  the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or

14  privilege of a citizen of the United States.  [Citation.]"  [Emphasis added.]  (*Gillespie v. Civiletti,*

15  629 F.2d 637, 641 (9th Cir. 1980).)

16      In *Holgate*, supra, Rule 11 sanctions were affirmed against plaintiffs' counsel for filing a

17  frivolous action for conspiracy under Section 1985.  "Plaintiffs did not allege in their complaint

18  that they belong to a racial group or an otherwise protected class, nor did they allege that the

19  defendants intentionally discriminated against them on such grounds. . . . The complaint also

20  failed to allege evidence of a conspiracy and an act in furtherance of that conspiracy, which are

21  required elements of a § 1985(3) action. . . . it did not allege that a specific act was committed in

22  furtherance of this conspiracy.  As the complaint failed on its face to allege a required element of

23  a § 1985(3) claim, . . . it lacked adequate legal support." (*Holgate*, 425 F.3d at 676.)  The Court

24  reiterated that "the mere existence of one non-frivolous claim" in a complaint does not immunize

25  it from Rule 11 sanctions. . . . Even the most cursory legal inquiry would have revealed the

26  required elements of the federal claims asserted, elements that the Holgates' complaint did not

27  allege." (*Id.* at 677.)  Given that the Holgates' complaint did not allege any racial animus or an

28  otherwise protected class, their Section 1985 conspiracy claims were patently inadequate, and

1    Rule 11 sanctions were affirmed.

2        In *Butler*, supra, Butler "alleged no racial or otherwise class-based invidious

3    discriminatory animus behind the defendants' conduct." Summary judgment in favor of

4    defendants thus was affirmed. (*Butler*, 281 F.3d at 1028.) In *Gillespie*, supra, "there was no

5    allegation of a conspiracy or that there was a racially or class-based, invidiously discriminatory

6    animus behind the actions which he allege[d] took place." Gillespie's complaint thus was

7    subject to dismissal.

8        Plaintiff in the instant case likewise does not allege anywhere in his complaint that he

9    belongs to any racial group or other protected class of persons, and he does not allege that the

10   acts against him were the result of any racial animus or class-based invidious discriminatory

11   animus. Plaintiff's complaint, on its face, thus fails to state a cognizable conspiracy claim under

12   Section 1985. The complaint gives no indication whatsoever that plaintiff's failure to allege any

13   discriminatory animus could possibly be overcome by amendment. The third cause of action,

14   therefore, should be dismissed without leave to amend.

15   **F.    Plaintiff's Fourth Cause Of Action For Violation Of 42 U.S.C. Section 1988
16          Fails To State A Claim For Relief Because Section 1988 Does Not Provide A
             Basis For Liability**

17       "For private actions brought under 42 U.S.C. § 1983 and other specified measures

18   designed to secure civil rights, Congress established an exception to the 'American Rule' that

19   'the prevailing litigant is ordinarily not entitled to collect [counsel fees] from the loser.' . . . That

20   exception, codified in 42 U.S.C. § 1988(b), authorizes federal district courts, in their discretion,

21   to 'allow the prevailing party . . . a reasonable attorney's fee as part of the costs." [Original

22   brackets.] (*Sole v. Wyner*, 127 S.Ct. 2188, 2191 (2007).) "'[T]he legislative history of § 1988

23   [establishes] that Congress intended to permit the interim award of counsel fees only when a

24   party has prevailed on the merits of at least some of his claims.' Our 'respect for ordinary

25   language requires that a plaintiff receive at least some relief on the merits of his claim before he

26   can be said to prevail.'" [Emphasis added. Citations omitted.] (*Buckhannon Bd. & Care Home

27   v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001).)

28       Section 1988 thus only provides a basis for a prevailing civil rights plaintiff to recover

1  reasonable attorney's fees; it does not create a separate basis for liability.  Violation of Section
2  1988 is not a cognizable legal theory and plaintiff's fourth cause of action for violation of
3  Section 1988 is subject to dismissal.

4      Additionally, plaintiff does not allege that he is a lawyer and therefore is not entitled to
5  attorneys' fees.  In *Kay v. Ehrler,* 499 U.S. 432 (1991), the Supreme Court held that pro se
6  plaintiffs who are not lawyers are not entitled to attorneys' fees.  Plaintiff's fourth cause of
7  action for violation of Section 1998 should therefore be dismissed with prejudice because he has
8  not and cannot allege that he is a lawyer.

9                    **V.    CONCLUSION**

10     For the reasons set forth above, defendants respectfully submit that the instant motion to
11  dismiss should be granted, and should be granted without leave to amend.

12  Dated:    January 2, 2008                          BERTRAND, FOX & ELLIOT

13                                          */s/    Richard W. Osman*

14                                  By:_____
15                                          Thomas F. Bertrand
16                                          Richard W. Osman
                                            Attorneys for Defendants
17                                          TOBIAS MILLER, SEAN KERR,
                                            PATRICK TORRES, ERNST
18                                          SCHWARZ and MARK REISCHEL

**PROOF OF SERVICE**

I, K. A. Adams, declare that:

1.    I am employed in the County of San Francisco, California; I am over the age of eighteen years and not a party to the within cause; and my business address is 2749 Hyde Street, San Francisco, California 94109.

2.    I am readily familiar with the practice of Bertrand, Fox, & Elliot for the processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

3.    On January 2, 2008, I served the following document(s):

**DEFENDANTS TOBIAS MILLER, SEAN KERR, PATRICK TORRES, ERNST SCHWARZ AND MARK REISCHEL's NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP RULE 12(b)(6), AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

in said cause, on the following interested parties:

Robert Sudar
3675 S. Rainbow Blvd.
#107-B106
Las Vegas, NE  89103

4.    Said service was performed in the following manner:

( X )    **BY U.S. POSTAL SERVICE (Mail):** I placed each such document in a sealed envelope addressed at noted above, with first-class mail postage thereon fully prepaid, for collection and mailing at San Francisco, California, following the above-stated business practice, on this date.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed January 2, 2008**,** at San Francisco, California.

*/s/ K. A. Adams*
_____
K. A. Adams