PATRICK K. FAULKNER, COUNTY COUNSEL
Sheila Lichtblau, SBN 167999
3501 Civic Center Drive, Room 275
San Rafael, CA 94903
Tel.: (415) 499-6117, Fax: (415) 499-3796

Attorney(s) for Defendants Edward Berberian, Thomas Brown, Yvette Martinez, Linda M. Witong, Commissioner Randolph Heubach, Judge John Sutro, Judge Verna Adams, and County of Marin

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert Sudar,<br><br>        Plaintiff,<br><br>    v.<br><br>Tobias Miller, Sean Kerr, Patrick Torres, Ernst Schwartz, Mark Reischel, Edward Berberian, Thomas Brown, Yvette Martinez, Linda M. Witong, Randolph Heubach, John Sutro, Verna Adams, County of Marin, Does 1 through 100,<br><br>        Defendant | Case No.: CV 07 6018 WHA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR THE PLAINTIFF'S FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(B) (6)];**<br><br>DATE:   February 14, 2008<br>TIME:   8:00 am<br>COURTROOM:   9 |

## INTRODUCTION

With this Motion to Dismiss, Defendant District Attorney Ed Berberian and Defendant Deputy District Attorneys Thomas Brown, Yvette Martinez, and Linda Witong, ( hereinafter "Defendant Prosecutors"), Commissioner Heubach, Judge Sutro and Judge Adams (hereinafter "Defendant Judges"), and Defendant County of Marin, seek a summary dismissal of this civil rights lawsuit against them. Plaintiff's lawsuit alleges that these Defendants violated his civil rights upon his arrest and prosecution for burglary and other felony acts. Plaintiff alleges violations under 42 U.S.C. §§ 1981, 1983, 1985(3), and 1988.

1

Plaintiff's lawsuit should be dismissed for failure to state a cause of action against answering Defendants. The Defendant Prosecutors enjoy prosecutorial immunity for actions related to the prosecution of criminals. The Defendant Judges are absolutely immune from liability for damages for acts committed within their judicial jurisdiction. Moreover, Defendant County of Marin may not be held liable for actions related to prosecution of state-related crimes. Finally, in addition to the above, plaintiff has failed to state facts sufficient to form a cause of action on any of his claims. Accordingly, this motion to dismiss should be summarily granted in favor of Defendants.

## FACTUAL AND PROCEDURAL BACKGROUND

Pro Per Plaintiff Robert Sudar's lawsuit against Defendants stems from his arrest for burglary and other felony crimes. Plaintiff was arrested after complaints that he had broken into a victim's house tampered with her computer and deleted files. The police authorities found plaintiff in possession of a counterfeit passport and several items implicating him in the burglary. (*See* Ex. A to Complaint.)

Plaintiff was charged with several felony counts. On December 23, 2006, he appeared with an attorney, entered a plea for the first time of "not guilty" and waived his right to a preliminary hearing within ten court days and completion within 60 days. (Registrar of Actions, p. 6, Ex. A to Request for Judicial Notice.) He has been ordered to stand trial in March 2008 for seven counts. (*Id.* at p. 14, Ex. A to Request for Judicial Notice.)

Plaintiff's lawsuit claims that the Defendant Prosecutors improperly prosecuted him, failed to provide him with a prompt probable cause hearing, imposed or requested excessive bail, and failed to provide a meaningful hearing on bail. (*See* Complaint, ¶21-27.) Additionally, Plaintiff vaguely alleges that there is "an atmosphere of bias prevalent in the Marin County Justice System."[1] (*See* Complaint, ¶28.)

Plaintiff's lawsuit is his latest attempt to harass and annoy Defendants resulting from his burglary arrest and upcoming felony criminal trial. Plaintiff already filed a similar civil rights lawsuit against the Town of Corte Madera and defendant Mark Reischel in the U.S. District Court, District of Nevada, which the Court dismissed. (*See* Ex. B to Request for Judicial Notice.) Additionally, plaintiff

---

[1] Plaintiff alleges that Marin County officials—not the County—implemented deficient policies, customs and practices, which were the proximate cause of plaintiff's injuries. (*See* Complaint ¶ 28.)

2

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

has filed false judgment liens against the Defendant Prosecutors and Defendant Judges. (*See* Ex. C to Request for Judicial Notice.) Plaintiff's latest contentions are false, lack any legal merit, and should be summarily dismissed.

## II. LEGAL ARGUMENT

### A. A MOTION TO DISMISS IS PROPER IN THE INSTANT CASE

A Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b) (6) tests the legal sufficiency of the claims stated in the complaint. Thus, the sole issue in a Motion to Dismiss is whether, under the facts alleged in plaintiff's complaint, it appears "beyond doubt" that plaintiff is not entitled to relief. *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), *California ex rel. Younger v. Mead*, 618 F.2d 618, 620 (9th Cir. 1980) and *Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc.*, 583 F.2d 426, 429 (9th Cir. 1978). A complaint may be dismissed as a matter of law for one of two reasons: (1) if it lacks a cognizable legal theory or (2) if it lacks insufficient facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533 (9th Cir. 1984). Additionally, although the complaint is construed in the light most favorable to a plaintiff, legal conclusions couched as factual allegations are not given a presumption of truthfulness. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

In this case, Plaintiff Sudar's Complaint has not—and cannot—set forth any set of facts to entitle him to relief against answering Defendants. Accordingly, dismissal of this lawsuit is proper against them.

### B. THE DEFENDANT PROSECUTORS ARE IMMUNE FROM LIABILITY.

Plaintiff's Complaint alleges that Defendant Prosecutors violated his civil rights for their actions "in deciding how to deal with the Plaintiff after his arrest, and failing to take him to a Judge or Court to so decide." Specifically, he alleges that the Defendant Prosecutors improperly prosecuted him, failed to

provide him with a prompt probable cause hearing, imposed or requested excessive bail, and failed to provide a meaningful hearing on bail.[2]

The United States Supreme Court has long held that prosecutors are absolutely immune from damages liability for their advocatory conduct related to criminal proceedings because their activities are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman* 424 U.S. 409, 430-31 (1976); *Milstein v. Cooley*, 257 F.3d 1004, (9th Cir. 2001). Prosecutors enjoy immunity for their role in the judicial process. *Imbler, id*, at p. 430. The purpose of prosecutorial immunity is to protect the judicial process. Included in the prosecutor's role as advocate and thus, in the protected area immune from liability, is the prosecutor's decision whether to present a case to a grand jury or file an information, deciding whether and whom to prosecute. *Imbler, supra,* 424 U.S. 409, 431 fn. 33. A prosecutor's activities in connection with the preparation and filing of charging documents are protected by prosecutorial immunity. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997).

Here, all of Plaintiff's claims against the Defendant Prosecutors stem from their prosecution of Plaintiff for his criminal acts. These actions, including their decision whether to present a case to a grand jury, deciding when, whether and whom to prosecute is absolutely protected. *Imbler,* supra, 424 U.S. 409, 431, fn. 33. Because the purpose of prosecutorial immunity is to protect the judicial process, defendant district attorneys must be protected when they prosecute a criminal. *Imbler*, supra at p. 430. Moreover, as prosecutors are protected in their prosecutorial role, this protection extends to the District Attorney who may not be held liable for decisions of individual prosecutors. Given that they enjoy immunity from their role in the judicial process, Defendant Prosecutors cannot be held liable for any deprivation of civil rights related to those proceedings. Accordingly, this Court should dismiss all of Plaintiff's causes of action against Defendant Prosecutors.

### C. THE DEFENDANT JUDGES ARE IMMUNE FROM LIABILITY

Plaintiff appears to bring this action against Defendant Judges for failing to provide a prompt probable cause hearing and wrongfully forcing Plaintiff "to be subjected to a loss of his liberty." (*See* Complaint ¶ 24-26.)

---

[2] Plaintiff's claim that he was denied a prompt probable cause hearing is belied by the Register of Actions which indicates that on December 23, 2006, he appeared with counsel and waived his right to such a hearing within ten court days. (*See* Ex.

4

Judges are absolutely immune from liability for damages for acts committed within their judicial jurisdiction even when the judge is accused of acting maliciously and corruptly. *Pierson v. Ray* 386 U.S. 547, 555 (1967). A judge's duty is to decide all cases within his judicial jurisdiction and while any errors may be corrected on appeal, they are immune from liability for their decisions. *Id.* at 555. Accordingly, Plaintiff's civil rights claims for acts related to his criminal proceedings must be dismissed against Defendant Judges.

### D. THE COUNTY IS NOT LIABLE FOR ALLEGED CIVIL RIGHTS VIOLATIONS IN PROSECUTIONS BY THE DISTRICT ATTORNEY

Plaintiff's Complaint against the County of Marin fails to state any allegations against the County. *See* Complaint. On this basis alone, a motion to dismiss is proper for failure to state a cause of action.

To the extent that any claim against the County could *hypothetically* be inferred from the pleadings, it would stem from his allegations in paragraphs 28, 29 and 30 of the Complaint, which allege deficient policies and practices maintained and tolerated by the Marin County Public Officials—not the County—with respect to hiring, training supervising and disciplining public attorneys. According to Plaintiff, these occurred in an "atmosphere of bias prevalent in the Marin County Justice System…"

A cause of action against a municipality for Section 1981 violations by Defendant Prosecutors will fail under a respondeat superior theory. *Jett v. Dallas Independent School Dist.* 491 U.S. 701 (1989). Similarly, a municipality may not be held liable under Section 1983 solely because it employs a tortfeasor, or under a respondeat superior theory. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691-2 (1997). In order to bring suit under Section 1983, plaintiff must be able to identify a municipal "policy" or "custom" that caused the injury. *Pembaur v. Cincinnati*, 475 U.S. 469, 480-81 (1986). This policy or custom cannot be proven merely by identifying a policymaker's conduct that can be attributed to the municipality. The plaintiff must show that the municipality was the moving force behind the injury and a direct link between the action of this municipality and the deprivation of rights. *Monell, supra*, at p. 694.

---

A, p. 6 to Request for Judicial Notice).

Not only has Plaintiff failed to allege any specific facts implicating the County, but any such facts alleging negligent hiring or training are insufficient to bind the County. As noted above, Plaintiff may not sue the County for civil rights violations based on an respondeat superior theory. Plaintiff has failed to allege any proper cause of action against the County.

Furthermore, any such claims against the County are improper because they are based on Plaintiff's assertion that the District Attorney and the Deputy District Attorneys violated his civil rights. (*See* Complaint p. 5, ¶26 p. 6, ¶2.) The California Supreme Court has held that a county is not liable for any alleged violations of criminal defendants' civil rights under 42 U.S.C. 1981 *et. seq.* by a district attorney—or deputy district attorneys—in preparing to prosecute or prosecuting them for violations of state criminal law, or in developing policy concerning such prosecutions. This is because the district attorney acts as an agent of the *state*, and not the county, in performing these functions. *Pitts v. County of Kern* (1998) 17 Cal.4th 340, 356-362.

Here, Plaintiff's complaint alleges Defendant Prosecutors and the County violated his civil rights while prosecuting him for violations under the California Penal Code. The County cannot be held accountable to Plaintiff for acts related to his prosecution under those state laws, and no amendment of his Complaint can change that.

### E. NOTWISTHANDING DEFENDANTS' COMPLETE LEGAL DEFENSES, ADDITIONALLY, PLAINTIFF'S COMPLAINT FAILS TO STATE A CAUSE OF ACTION UNDER SECTIONS 1981, 1983, 1985 AND 1988.

As made clear above, Plaintiff's claim against the Prosecutor Defendants, Judge Defendants and the County fail on all causes of action because the Prosecutor Defendants and Judge Defendants enjoy immunity for prosecuting Plaintiff, and the Complaint does not allege any set of facts against the County to which Plaintiff is entitled to relief. Additionally, Plaintiff's claims are insufficiently pled.

#### 1. PLAINTIFF'S 1981 CLAIM IS DEFICIENT BECAUSE HE HAS NOT ALLEGED RACE DISCRIMINATION.

In order to state a claim under §1981, Plaintiff must allege facts to support three elements: 1) that the plaintiff is a member of a racial minority; 2) the defendant intended to discriminate against the plaintiff based on the plaintiff's race; and 3) the discrimination concerned an activity enumerated by the

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

statute. *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir.1993). A claim arises under Section 1981 when a plaintiff is deprived of the full and equal benefits of the law and proceedings that are afforded to Caucasian citizens. *Olivera v. Town of Woodbury* 281 F.Supp.2d 674, 684 (S.D.N.Y. 2003). A §1981 claim must allege facts demonstrating intentional discrimination.

Here, plaintiff has not pled the requisite elements of a Section 1981 action. While he claims that Defendants deliberately denied him equal benefit of all laws, he has not alleged—and cannot allege—that he is a member of a racial minority.[3] Additionally, there are no facts alleging that Defendants intended to discriminate against him based on his race.

### 2. PLAINTIFF'S 1983 CLAIM FAILS BECAUSE THERE IS NO RULING REVERSING THE ORDER TO STAND TRIAL OR JURY VERDICT OF NOT GUILTY.

Plaintiff's Section 1983 claim alleges violations of the Fourth, Fifth and Fourteenth Amendments for actions relating to his prosecution. These claims are deficient as pled because Plaintiff cannot demonstrate that he was improperly ordered to stand trial.

In *Heck v. Humphrey*, 512 US 477, 114 S. Ct. 2364 (1994) the Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must show that the conviction has either been declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. The implication of *Heck* is that a plaintiff may not claim improper prosecution unless he has been found to be innocent of the criminal charges against him.

In this case, Judge Verna Adams ordered Plaintiff to stand trial in March 2008 on several felony counts. (See Ex. A to Request for Judicial Notice.) Following the reasoning of *Heck*, Plaintiff's 1983 claim for excessive bail or hearing without probable cause is improper because allowing such a lawsuit to proceed would necessarily implicate that plaintiff was improperly ordered to stand trial. Without a reversal of Judge Adams' Order or a jury verdict of not guilty, he cannot claim that Defendants denied him a probable cause hearing or otherwise improperly prosecuted him.

//

### 3. PLAINTIFF'S 1985(3) CLAIM IS IMPROPERLY PLED.

Plaintiff's Section 1985 claim is equally flawed. The Complaint alleges a conspiracy by defendants based on equal protection of the law. In *Griffin v. Breckenridge,* 403 U.S. 88, 102-103, (1971), the Supreme Court found that in order to state a cause of action under § 1985, the plaintiff must allege that the defendants (1) conspired together, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, (3) and committed an act in furtherance of the conspiracy, (4) which caused injury to person or property, or a deprivation of any right or privilege of a citizen of the United States, and (5) and that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus. Discriminatory-based animus is essential to any conspiracy claim under 1983(5). *Carpenters Local 610 v. Scott* 463 U.S. 825, 837 (1983). Moreover, that discrimination may not be based on account of a plaintiff's economic views, status or activities. *Id.* at 837.

Again, Plaintiff has failed to allege any discrimination based on race, or any class, whatsoever. His 1985(3) claim therefore, fails to state a claim upon which relief may be granted.

### 4. PLAINTIFF IS NOT ENTITLED TO ATTORNEYS' FEES UNDER SECTION 1988.

Plaintiff's Section 1988 claim for attorneys' fees is also improper. A pro se plaintiff is not entitled to attorneys' fees under Section 1988. *Kay v. Ehrler* 499 U.S. 432, 435 (1991). This holding applies regardless of whether the pro se litigant is an attorney. *Id.* at 437-438. Plaintiff has bought this action in pro per, and therefore, he his not entitled to any such fees under Section 1988.

### CONCLUSION

Responding Defendants respectfully request that this Court grant this Motion to Dismiss in its entirety. Prosecuting Defendants and Judge Defendants enjoy immunity and therefore, they may not be sued for acts related to Plaintiff's criminal proceedings. Plaintiff has failed to state any allegations against the County of Marin. To the extent any allegations against the County can be hypothetically

---

[3] The Statement of Probable Cause, which plaintiff attached to his Complaint describes plaintiff as a WMA (white male adult). (*See* Complaint.)

gleaned from the pleadings, they fail in that they improperly allege liability under a respondeat superior theory, or based on the District Attorneys' conduct in the prosecution of state claims. Notwithstanding these complete defenses, additionally, and as set forth above, Plaintiff has failed to state facts sufficient to state any of his causes of action set forth in his Complaint.

Dated this 7th day of January, 2008

PATRICK K. FAULKNER
COUNTY COUNSEL

By: _____
Sheila Lichtblau

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS